UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARY MCDERMOTT,

                           Plaintiff,                        **DECISION AND ORDER**

       -against-                                  22-cv-3051 (AEK)

ARCHCARE COMMUNITY SERVICES, INC.
d/b/a ARCHCARE,

                        Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      In accordance with the Court's Decision and Order dated November 28, 2023, ECF No. 45, the parties have filed a revised proposed settlement agreement, as well as attorney billing records, ECF Nos. 49, 49-1 ("Proposed Settlement Agreement"), and 49-2.

      The parties have revised the release provisions in paragraphs 3 and 4 of the Proposed Settlement Agreement to provide for general mutual releases.  As the Court stated in its November 28 Decision and Order, "courts have approved broad general releases in settlement agreements resolving FLSA claims when those releases were negotiated by competent counsel for both sides and involve former employees who have no ongoing relationship with the employer—both factors that are present here—and, critically, were *mutual in all respects*."  ECF No. 45 at 8 (emphasis in original).  The Court has reviewed the revised provisions and finds that they are fair and reasonable, as the releases are now mutual in all respects.

      In addition, with the provision of attorney billing records, the Court has now been able to use the lodestar method to cross check the reasonableness of the proposed award of $28,187.58 in attorneys' fees.  Plaintiff's counsel, an attorney with 40 years of experience, spent a total of

92.4 hours on this matter, at an hourly rate of $400; this results in a lodestar figure of $36,960.[1] ECF No. 49 at 2; ECF No. 49-2.  The proposed fee of $28,187.58 represents approximately 76 percent of the lodestar amount, which is fair and reasonable given the facts and circumstances of this case.  *See Gervacio v. ARJ Laundry Servs. Inc.,* No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement.  As a result, the Court does not disturb the calculation of attorneys' fees . . . .").  Accordingly, for the reasons stated herein, as well as all the reasons stated in ECF No. 45, the Court hereby approves as fair and reasonable the Proposed Settlement Agreement docketed at ECF No. 49-1.

* * * * * * * * * *

Because the Court has now approved the Proposed Settlement Agreement, and because the Court understands that the parties intend to execute a stipulation of voluntary discontinuance as contemplated in the Proposed Settlement Agreement, it is hereby ordered that this action is dismissed without prejudice to restoring the action to the Court's calendar, provided the application is made within 45 days of this Decision and Order.  Any application to reopen that is filed after 45 days from the date of this Decision and Order may be denied solely on that basis.

The Clerk of Court is respectfully directed to close this case.

Dated: December 22, 2023
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

---

[1] Because the Court finds the requested attorneys' fees to be reasonable, it will not address whether the rate and number of hours expended on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.